HONORABLE TANA LIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| DAVID GILLUM, individually and on behalf of all those similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SEA MAR COMMUNITY HEALTH CENTERS, a Washington Nonprofit Corporation,<br><br>Defendant. | No. 2:26-cv-02196-TL<br><br>FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES |

Plaintiff claims against Defendant as follows:

## I. NATURE OF ACTION

1.1. Plaintiff David Gillum ("Plaintiff") brings this action against Defendant Sea Mar Community Health Centers ("Defendant") for engaging in a systematic scheme of violating Washington's meal period requirements. This scheme has involved failing to provide proper meal periods pursuant to WAC 296-126-092 and failing to provide required compensation for missed meal periods. In addition, Defendant failed to provide and document rest breaks for workers pursuant to WAC 296-126-092 and failed to provide required compensation for missed rest breaks. Defendant also failed to allow the usage of paid sick leave for qualifying absences. Plaintiff brings this action on behalf of himself individually and on behalf of all individuals currently or formerly employed by Defendant in hourly-paid positions in Washington state for money damages and



HONES LAW PLLC
119 1ST AVE S STE 310
SEATTLE, WA 98104
(206) 899-5061

statutory penalties for violations of Washington's Industrial Welfare Act ("IWA"), RCW 49.12, Minimum Wage Act ("MWA"), RCW 49.46, Wage Payment Act ("WPA"), RCW 49.48 and Wage Rebate Act ("WRA"), RCW 49.52, and the Seattle Municipal Code ("SMC") SMC 14.20.090.

## II. JURISDICTION AND VENUE

2.1. The Superior Court of Washington has jurisdiction of Plaintiff's claims pursuant to RCW 2.08.010.

2.2. Venue in King County is appropriate pursuant to RCW 4.12.025.

2.3. Defendant transacts business in King County and in the State of Washington and at least some of the acts and omissions alleged in this Complaint took place in the State of Washington and King County.

2.4. Defendant removed this action to the United States District Court for the Western District of Washington on June 24, 2026. Dkt. 1. Plaintiff contends that the Court lacks subject matter jurisdiction over this action and has moved to remand it to King County Superior Court. Plaintiff files this First Amended Complaint without waiving, and expressly preserving, his objection to removal and his motion to remand.

## III. PARTIES

3.1. Defendant Sea Mar Community Health Centers is a Washington nonprofit corporation (UBI No. 600 537 278) with its principal place of business in King County, Washington, at 1040 S Henderson St, Seattle, WA 98108-4720. Defendant employed Plaintiff and the members of the class at its facilities throughout Washington and Defendant transacts business within King County. Defendant is an employer for the purposes of the IWA, MWA, WPA, WRA, and SMC.

3.2. Plaintiff David Gillum is a resident of Auburn, Washington and, at times during the class period, was employed by Defendant at its Seattle, Washington locations as an hourly, nonexempt employee.



HONES LAW PLLC
119 1ST AVE S STE 310
SEATTLE, WA 98104
(206) 899-5061

## IV. FACTUAL ALLEGATIONS

4.1. Plaintiff and members of the class are or were employed by Defendant in Washington in hourly-paid, non-exempt positions between June 2, 2023, and thereafter ("class period").

4.2. Plaintiff and members of the Seattle Sub-Class were employed by Defendant in Seattle, Washington in hourly-paid, non-exempt positions between June 2, 2023, and thereafter ("class period").

4.3. Plaintiff and members of the class, at times worked shifts that qualified for meal periods and rest breaks.

4.4. Plaintiff and the members of the Seattle Sub-Class worked at Defendant's Seattle, Washington locations.

4.5. Defendant created and maintained timekeeping systems, work schedules, staffing levels, job requirements, and a working environment that failed to promote meal and rest periods in compliance with Washington law.

4.6. As a result of Defendant's common policies, at times, Plaintiff and members of the class worked more than five consecutive hours without a compliant meal period.

4.7. Defendant regularly did not compensate Plaintiff and members of the class with thirty minutes of pay for meal period violations when Plaintiff and members of the class worked more than five consecutive hours without a meal period.

4.8. Defendant's policies, practices, and systems do not provide Plaintiff and members of the class with the legally required compensation for missed meal periods.

4.9. At times, Defendant failed to track meal periods, but nevertheless deducted wages from Plaintiff and members of the class based on an assumed meal period.

4.10. Plaintiff and members of the class did not knowingly and voluntarily waive their right to meal periods.



HONES LAW PLLC
119 1ST AVE S STE 310
SEATTLE, WA 98104
(206) 899-5061

4.11. At times, Plaintiff and members of the putative class were required to work more than three consecutive hours without a rest period.

4.12. With respect to Plaintiff and members of the putative class, Defendant failed to establish and maintain a process to record the occurrence, time, and duration of paid rest periods.

4.13. Defendant failed to provide a process for reporting instances when Plaintiff and members of the putative class worked over three consecutive hours without a rest period, or when they did not receive a rest period for every four hours worked.

4.14. Defendant did not compensate Plaintiff and members of the class for ten minutes of work for each instance it required them to work greater than three consecutive hours without a rest period, provided a rest period in a duration of less than ten minutes, or did not provide a rest period of at least ten minutes in duration for every four hours worked.

4.15. In weeks in which Plaintiff and members of the class worked forty hours or more and did not receive compliant meal periods, Defendant failed to pay attendant overtime wages.

4.16. At times, Defendant failed to allow the usage of paid sick leave for qualifying absences for Plaintiff and members of the class.

## V. CLASS ACTION ALLEGATIONS

5.1. <u>Class Definition:</u>

All Defendant's hourly-paid, non-exempt employees in Washington who worked anytime beginning June 2, 2023, and thereafter ("class period").

<u>Seattle Sub-Class Definition:</u>

All Defendant's hourly-paid, non-exempt employees in Seattle, Washington who worked anytime beginning June 2, 2023, and thereafter ("class period").

5.2. This action is properly maintainable as a class action under CR 23(a) and (b)(3) and Fed. R. Civ. P. 23(a) and (b)(3).

5.3. The number of class members exceeds forty and therefore, pursuant to CR23(a)(1), it is impracticable to join all of the members of the class as defined herein as named plaintiff.



HONES LAW PLLC
119 1ST AVE S STE 310
SEATTLE, WA 98104
(206) 899-5061

5.4. Pursuant to CR 23(a)(2), there are common questions of law and fact among Plaintiff and members of the class including, but not limited to (1) whether Defendant was required to keep records of the occurrence, time and duration of rest periods provided to Plaintiff and members of the putative class; (2) whether Defendant failed to keep records of the occurrence, time and duration of rest periods; (3) whether Defendant required Plaintiff and members of the putative class to work greater than three consecutive hours without a rest period; (4) whether Defendant failed to ensure Plaintiff and members of the putative class received a compliant rest period of at least ten minutes in length, on the employer's time, for each four hours worked; (5) whether Defendant was required to compensate Plaintiff and members of the putative class for ten minutes of work for each instance it required them to work greater than three consecutive hours without a rest period or when it failed to ensure Plaintiff and members of the putative class received a compliant rest period of at least ten minutes in length, on the employer's time, for each four hours worked; (6) whether Defendant failed to compensate Plaintiff and members of the putative class for ten minutes of work for each instance it required them to work greater than three consecutive hours without a rest period or when it failed to ensure Plaintiff and members of the putative class received a compliant rest period of at least ten minutes in length, on the employer's time, for each four hours worked; (7) whether Defendant failed to provide a compliant meal period of at least thirty minutes for shifts greater than five hours in length; (8) whether Plaintiff and members of the class, at times, worked greater than five consecutive hours without a compliant meal period; (9) whether Defendant was required to compensate Plaintiff and members of the class with thirty minutes of pay for each instance it failed to provide a compliant meal period of at least thirty minutes for shifts greater than five hours in length or required them to work greater than five consecutive hours without a meal period; (10) whether Defendant failed to compensate Plaintiff and members of the class with thirty minutes of pay for each instance it failed to provide a compliant meal period of at least thirty minutes for shifts greater than five hours in length or required them to work greater than five consecutive hours without a meal period; (11) whether



HONES LAW PLLC
119 1ST AVE S STE 310
SEATTLE, WA 98104
(206) 899-5061

Defendant acted willfully and with the intent to deprive Plaintiff and members of the class of their wages or other compensation in its practices; and (12) whether Defendant failed to allow sick pay usage when applicable.

5.5. Pursuant to CR 23(a)(3), the named Plaintiff's claims are typical of the claims of all class members.

5.6. The named Plaintiff and their counsel will fairly and adequately protect the interests of the class as required by CR 23(a)(4).

5.7. Plaintiff's interests in this matter do not conflict with the interests of the class.

5.8. Plaintiff's counsel are experienced in complex class action litigation and have been appointed class counsel in many similar cases.

5.9. Pursuant to CR 23(b)(3), class certification is appropriate here because questions of law or fact common to members of the class predominate over any questions affecting only individual members, and because a class action is superior to other available methods for the fair and efficient adjudication of controversy.

## VI. FIRST CAUSE OF ACTION – CLASSWIDE FAILURE TO ENSURE REST PERIODS IN VIOLATION OF THE WASHINGTON INDUSTRIAL WELFARE ACT AND FAILURE TO COMPENSATE FOR VIOLATIONS IN VIOLATION OF THE WASHINGTON MINIMUM WAGE ACT AND WASHINGTON WAGE PAYMENT ACT

6.1. Plaintiff restates and realleges the allegations set forth in all preceding paragraphs.

6.2. The IWA, RCW 49.12, and its implementing regulation, WAC 296-126-092, requires employers to provide a rest period of not less than ten minutes, on the employer's time, for each four hours of working time.

6.3. Employees have an implied cause of action for violations of RCW 49.12 to protect them from conditions of labor that have a pernicious effect on their health. *Wingert v. Yellow Freight Systems, Inc.*, 146 Wn.2d 841, 850 (2002).



HONES LAW PLLC
119 1ST AVE S STE 310
SEATTLE, WA 98104
(206) 899-5061

6.4. A rest period violation is a wage violation with employees entitled to ten minutes of additional compensation for each instance they are required to work longer than three consecutive hours without a rest break. *Id*. at 849.

6.5. Defendant violated the IWA and its implementing regulation by failing to ensure Plaintiff and members of the putative class received a ten-minute paid rest period for every four hours worked and by failing to keep records of the occurrence, time, and duration of rest periods taken, by failing to implement a process for Plaintiff and members of the putative class to report missed or otherwise noncompliant rest periods and by creating conditions of work that discouraged paid rest periods.

6.6. Defendant violated the MWA and WPA when it failed to compensate Plaintiff and members of the putative class for ten minutes of work for each instance a rest period was not provided in compliance with IWA.

6.7. As a result of Defendant's acts and omissions, Plaintiff and members of the putative class have been damaged in amounts as will be proven at trial.

## VII. SECOND CAUSE OF ACTION – FAILURE TO PROVIDE MEAL PERIODS IN VIOLATION OF THE WASHINGTON INDUSTRIAL WELFARE ACT AND FAILURE TO COMPENSATE FOR VIOLATIONS OF THE WASHINGTON MINIMUM WAGE ACT AND WASHINGTON WAGE PAYMENT ACT

7.1. Plaintiff restates and realleges the allegations set forth in all preceding paragraphs.

7.2. The IWA, RCW 49.12, and its implementing regulation, WAC 296-126-092, require employers to provide uninterrupted thirty-minute meal periods to their employees for work shifts greater than five hours in length and prohibits employees from working more than five consecutive hours without a meal period.

7.3. Employees have an implied cause of action for violations of RCW 49.12 to protect them from conditions of labor that have a pernicious effect on their health. *Wingert v. Yellow Freight Systems, Inc.*, 146 Wn.2d 841, 850 (2002).



HONES LAW PLLC
119 1ST AVE S STE 310
SEATTLE, WA 98104
(206) 899-5061

7.4. A meal period violation is a wage violation with employees entitled to thirty minutes of additional compensation for each instance they are required to work more than five consecutive hours without a compliant meal period. *Hill v. Garda CL Nw., Inc.*, 191 Wn.2d 553, 560 (2018) (citing *Hill v. Garda CL Nw., Inc.*, 198 Wn. App 326 (2017)).

7.5. Defendant has violated the IWA and its implementing regulation by failing to provide Plaintiff and members of the class with compliant thirty-minute meal periods and by creating work schedules, staffing levels, and conditions of work that discouraged compliant meal periods.

7.6. Defendant violated the MWA and WPA when it failed to compensate Plaintiff and members of the class for thirty minutes of work for each instance a meal period was not provided in compliance with the IWA.

7.7. As a result of Defendant's acts and omissions, Plaintiff and members of the class have been damaged in amounts as will be proven at trial.

## VIII. THIRD CAUSE OF ACTION – CLASSWIDE FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF THE WASHINGTON MINIMUM WAGE ACT

8.1. Plaintiff restates and realleges the allegations set forth in all preceding paragraphs.

8.2. In weeks where the total number of compensable hours including additional compensable time for Defendant's failure to provide rest periods and meal periods exceeded forty, Defendant has violated the MWA, RCW 49.46.130, by failing to pay Plaintiff and members of the putative class one and one-half times their regular rate of pay for those hours.

8.3. As a result of Defendant's acts and omissions, Plaintiff and members of the putative class have been damaged in amounts as will be proven at trial.

## IX. FOURTH CAUSE OF ACTION – WILLFUL WITHHOLDING OF WAGES IN VIOLATION OF THE WASHINGTON WAGE REBATE ACT AND SEATTLE MUNICIPAL CODE

9.1. Plaintiff restates and realleges the allegations set forth in all preceding paragraphs.



HONES LAW PLLC
119 1ST AVE S STE 310
SEATTLE, WA 98104
(206) 899-5061

9.2. There is no "fairly debatable" issue of law or any objectively or subjectively reasonable ("bona fide") dispute whether additional wages are owed to compensate for meal and rest periods not provided in compliance with Washington law.

9.3. The failure to pay additional wages to compensate for meal periods and rest breaks not provided in compliance with Washington law was not the result of administrative or clerical errors.

9.4. Defendant's failure to provide compliant meal periods is willful.

9.5. By the foregoing, Defendant's actions in failing to pay additional wages to compensate for failing to provide meal periods in compliance with Washington law constitutes willful withholding of wages due in violation of RCW 49.52.050 and 070.

9.6. Defendant's failure to pay wages to the Seattle Sub-Class as required by state law constitutes wage theft under SMC 14.20.020. A private right of action under SMC 14.20.090 permits recovery of the unpaid wages of the Seattle Sub-Class plus liquidated damages in an additional amount of up to twice the unpaid compensation, plus interest, and attorney fees.

9.7. As a result of Defendant's acts and omissions, Plaintiff and members of the class have been damaged in amounts as will be proven at trial.

## X. FIFTH CAUSE OF ACTION – CLASSWIDE FAILURE TO ACCRUE AND ALLOW USE OF PAID SICK LEAVE IN VIOLATION OF WASHINGTON PAID SICK LEAVE ACT

10.1. Plaintiff restates and realleges all allegations set forth in all preceding paragraphs.

10.2. The Washington Paid Safe and Sick Leave Act, RCW 49.46.210, and its implementing regulations WAC 296-128-620, require that employees accrue paid sick leave for all hours worked at a rate of one hour for every forty hours worked.

10.3. By failing to apply accrued sick leave to eligible work hours, Defendant has violated the Washington Paid Sick Leave Act.

## XI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests this Court enter an order against Defendant granting the



HONES LAW PLLC
119 1ST AVE S STE 310
SEATTLE, WA 98104
(206) 899-5061

following relief:

A. Certification of this case as a class action pursuant to CR 23(a) and (b)(3) and Fed. R. Civ. P. 23(a) and (b)(3);

B. Appointment of Plaintiff and counsel to represent the class;

C. Damages for unpaid wages in amounts to be proven at trial;

D. Exemplary damages in amounts equal to double the wages due to Plaintiff and Class Members pursuant to RCW 49.52.070;

E. Attorneys' fees and costs pursuant to RCW 49.46.090, 49.48.030, 49.52.070, and SMC 14.20.090;

F. Prejudgment interest pursuant to RCW 19.52.010; and

G. Such other and further relief as the Court deems just and proper.

DATED this 16th day of July, 2026

HONES LAW PLLC

s/ *Ed Hones*
Ed Hones, WSBA #58275
Ari M. Robbins Greene, WSBA #54201
Anna Michel, WSBA #63438
119 1st Ave S., Ste 310
Seattle, WA 98104
Phone: 206-899-5061
Email: ed@honeslaw.com
ari@honeslaw.com
anna@honeslaw.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I certify that I caused to be served in the manner noted below a copy of the foregoing First Amended Class Action Complaint for Damages on the following individual(s):

*Attorney for Defendant*

BRYAN CAVE LEIGHTON PAISNER LLP
Randall T. Thomsen, WSBA #25310
Shane P. Cramer, WSBA #35099
Elisabeth Read, WSBA #59762
1201 Third Avenue, Suite 5000
Seattle, WA 98101
Telephone: 206-600-6650
randall.thomsen@bclplaw.com
shane.cramer@bclplaw.com
elisabeth.read@bclplaw.com

☐ Via Facsimile
☐ Via First Class Mail
☐ Via Priority Mail
☐ Via Messenger
☐ Via Email
☑ Via EFiling/EService

DATED this 16th day of July, 2026 at Seattle, Washington.

s/ *Anna Michel*
Anna Michel, WSBA # 63438
119 1st Ave S., Suite 310
Seattle, WA 98104
anna@honeslaw.com